1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7
8   CHARLES JOSEPH MAKI,
9         *Petitioner*,                          3:12-cv-00201-LRH-VPC
10  vs.                                          ORDER
11  ROBERT LEGRAND, *et al.*,
12        *Respondents*.
13

14        This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's

15  motion (#17) to reconsider the order and judgment of dismissal and motion (#18) to reconsider the

16  denial of a certificate of appealability.  The motions were both mailed and filed within the time period

17  for seeking relief under Rule 59 of the Federal Rules of Civil Procedure, but the motions initially were

18  not signed by petitioner.

19        The first motion (#17) remains unsigned.  The Court informed petitioner that a signature of a

20  certificate of service did not constitute a signature of the motion itself.  He again presented the motion

21  without a signature on the motion rather than the certificate of service.

22        Petitioner in all events has not established a basis either for reconsideration of the dismissal or

23  of the denial of a certificate of appealability.

24        Petitioner Charles Joseph Maki sought to challenge his 1994 Nevada state conviction, pursuant

25  to a jury verdict, of three counts of sexual assault on a child under the age of 14 years and five counts

26  of lewdness with a child under the age of 14 years.  The present federal petition was filed over a decade

27  after the federal limitation period expired, absent additional tolling or delayed accrual.  The present

28  petition further was filed more than three years and seven months after an August 18, 2008, order

1  denying his post-judgment motion seeking to overturn the July 5, 2006, final judgment dismissing his

2  prior federal petition without prejudice in No. 2:01-cv-00268-RLH-PAL.

3        The prior federal action was dismissed in 2006 after petitioner failed to file a written notice of

4  his change of address and court mail was returned.  Petitioner contends, first, that the Court overlooked

5  that personnel at the prison law library could look up where he might be on the computer at any time.

6  Petitioner apparently is responding to a point expressly made in passing in the following footnote:

7            The Court additionally notes in passing that embedding a new
address in a filing does not constitute a written notice of a litigant's new
8      address and does not establish that the Court is aware of the new address.
Local Rule LSR 2-2 requires that a litigant "immediately file with the
9      Court written notification of any change of address."  This requires that
the litigant in fact send a written notice of the change of address, not
10     merely *sub silentio* embed an address in filings.  See ## 12 & 13 (recent
notices by petitioner of change of address).  Otherwise, the local rule
11     would read only that a litigant "must include his most recent address on
all filings."  The purpose of such a notice is to avoid what happened
12     here, by providing the Clerk with a clear notice of the plaintiff's change
of address.  If plaintiff instead had complied with the local rule, he
13     would not have had to rely upon the Clerk independently observing that
he used a different address on a recent filing and/or a prison law library
14     tracking him down in the state-wide prison system and forwarding his
mail.  In both instances, neither the Clerk nor the prison law library can
15     independently determine how long an inmate will be at a particular
institutional address.  The purpose of a clear notice of change of address
16     is for the plaintiff to clearly indicate to the Clerk where his mail then
should be sent, to get the mail sent to the proper place in the first
17     instance.  When petitioner failed to comply with the local rule, he
created the very situation that the rule is intended to avoid and that led
18     to the dismissal of the prior petition.

19  #14, at 9 n.10.

20        Petitioner overlooks the basis for the Court's rejection of his corresponding tolling argument

21  with regard to the untimeliness of *this* action:

22            *Third*, petitioner contends that he was subjected to an
unconstitutional State-created impediment with regard to the handling
23     of his mail from this Court in connection with the dismissal of No. 2:01-
cv-00268.  He maintains that he was transported from Lovelock
24     Correctional Center ("Lovelock") to Southern Desert Correctional
Center ("Southern Desert") in early April 2006, that he listed a Southern
25     Desert address on a filing prior to the dismissal, and that the Lovelock
prison law library failed to forward his mail to Southern Desert as
26     allegedly required by policy.

27            Whatever correctional authorities allegedly failed to do in 2006
did not prevent petitioner from filing a petition at any time prior to the
28     expiration of the federal limitation period otherwise nearly five years

earlier on October 30, 2001.  § 2244(d)(1)(B) does not operate to revive a long-since expired limitation period where there was no impediment to filing or other basis for tolling or delayed accrual prior to the expiration of the limitation period.  Petitioner's argument simply is a *non sequitur.*

Moreover, even if the Court were through some tortured logic to regard the events in 2006 as a basis for delayed accrual nearly five years after the limitation period already had expired on October 30, 2001, petitioner quite clearly knew of the prior dismissal in early 2008.  He did not file the present federal petition until approximately *four years* later, and over *three years* after the denial of his motion for relief from judgment in that case.  Petitioner presents no viable basis for tolling and/or delayed accrual during those multiple intervening years.  None of the well-after-the-fact circumstances from 2006 that petitioner relies upon prevented him from filing the federal petition that he filed in 2012 instead in, *e.g.,* 2011, 2010, or 2009.

Petitioner in essence is seeking to relitigate in this action the dismissal of his first federal petition and the denial therein of his motion for relief from judgment.  Petitioner's remedy, if any, with regard to the dismissal of No. 2:01-cv-00268 was via requests for relief filed in that proceeding and/or via an appeal, the latter of which petitioner did not pursue.  Nothing that occurred in the prior action provides a basis for rendering timely a second federal petition filed over a decade after the expiration otherwise of the federal limitation period, nearly six years after the prior dismissal, approximately four years after petitioner unquestionably learned of the prior dismissal, and over three years after the denial of a motion for relief from judgment in that case.  The dismissal in No. 2:01-cv-00268 is a long since conclusively resolved matter and does not provide a viable basis for rendering the present petition timely multiple years after the fact.  Again, any *arguendo* error or State-created constitutional deprivation in connection with the dismissal of the prior action has not prevented petitioner from filing a federal petition in the *years* that have intervened.

#14, at 8-9 (with note 10 at the end of the passage already having been quoted).

Petitioner cannot relitigate the dismissal of No. 2:01-cv-00268 by filing a new petition.

Petitioner suggests, second, that he should not be denied relief because he is not as intelligent as an attorney, and he maintains that he was diligent in all of his filings in the prior action up until the time that he did not receive his mail after not updating his address.

Petitioner is responding to the following footnote, also clearly made in passing:

Of course, if Maki had not balked at the representation provided by the Federal Public Defender, he would have had counsel ultimately with such "fingertip" access.  As the Court found then, "[a]t bottom, no competent attorney appointed will proceed as petitioner wishes for counsel to proceed."  Petitioner was the architect of his own situation.

#14, at 10 n.11.

1    Petitioner again overlooks the basis for the Court's rejection of his corresponding tolling

2    argument with regard to the untimeliness of *this* action:

3    > *Fifth*, petitioner contends that he has been denied access to the
     > courts as an impediment for purposes of § 2244(d)(1)(B) because: (a) he
4    > has no computer access to the federal court electronic docketing system,
     > *i.e.*, the Case Management/Electronic Case Files (CM/ECF) system; and
5    > (b) the Clerk of this Court charges litigants for copies of a docket sheet
     > after one has been provided previously.  He maintains, *inter alia*, that
6    > "[t]he Attorney General's Office and the Federal Public Defender's
     > Office would have access at their fingertips, but not the petitioner, whom
7    > is at somewhat of a disadvantage."

8    > Once again, there are several fundamental flaws with this
     > argument.  First, the federal electronic docketing system and the federal
9    > clerk's fee requirements do not constitute State action for purposes of
     > § 2244(d)(1)(B).  Second, CM/ECF did not come on stream in this Court
10   > until approximately November 2005, four years after the limitation
     > period expired on October 30, 2001.  Third, neither CM/ECF nor the
11   > Clerk's fee requirements had anything to do with the dismissal of the
     > prior action, which may not be relitigated in this action in any event.
12   > That action was dismissed because petitioner failed to file a written
     > notice of his change of address, not because of his inability to check the
13   > record or to obtain a copy of a docket sheet.  Petitioner was not
     > proceeding *in forma pauperis*, and he thus had to pay for copies just like
14   > any other litigant.  Fourth, neither CM/ECF nor the Clerk's fee
     > requirements "altogether prevented [petitioner] from presenting his
15   > claims in *any* form, to *any* court" at any point, much less continuously
     > from 2006 through the filing date of the present petition in 2012.  *Cf.*
16   > *Ramirez, supra*.  Prisoners have been filing and pursuing habeas
     > petitions without access to an electronic docketing system literally for
17   > centuries.  *See, e.g., Darnel's Case*, 3 How. St. Tr. 1 (K.B.1627).

18   #14, at 10 (with footnote 11 at the end of the first paragraph already having been quoted).

19   Petitioner cannot relitigate the dismissal of No. 2:01-cv-00268 by filing a new petition.

20   With regard to *this* action, petitioner's *pro se* status – whether self-inflicted or not – and lack

21   of legal sophistication does not provide a basis for tolling.  *E.g., Rasberry v. Garcia*, 448 F.3d 1150,

22   1154 (9th Cir. 2006).

23   Petitioner next refers to the legal resources available at Lovelock in 2006.  He maintains that

24   while a paging system for law library access may not be an unconstitutional impediment, the absence

25   of trained legal assistance was, given his professed limited intelligence.  He urges that the Court did not

26   take into consideration that the general population at Lovelock already was using a paging system at

27   the time of the prior dismissal.

28   */ / / /*

-4-

1    Petitioner again overlooks the complete basis for the Court's rejection of his corresponding

2 tolling argument with regard to the untimeliness of *this* action:

3
4    *Fourth*, petitioner contends that the use of a "paging system" for
     prison law library access at Lovelock, which does not involve direct
     physical access to the library, denied him access to the courts and
5    constituted an impediment for purposes of § 2244(d)(1)(B).  He relies
     upon *Koerschner v. Warden*, 508 F.Supp.2d 849, 851 (D.Nev. 2007), in
6    support of this argument.

7    There are several fundamental flaws with this argument.  First,
     the physical satellite library in the sex-offender protective segregation
8    unit at Lovelock was not closed during the conversion to a paging system
     until late 2006, five years after the limitation period expired on October
9    30, 2001.  *See Koerschner*, 508 F.Supp.2d at 851.  Second, the adoption
     of the paging system at Lovelock further had nothing to do with the
10   dismissal of the prior action, which may not be relitigated in this action
     in any event, and appears to have been adopted subsequent to that
11   dismissal.  **Third, the use of a paging system at Lovelock has not
     "altogether prevented [petitioner] from presenting his claims in *any***
12   **form, to *any* court" at any point, much less continuously from 2006
     through the filing date of the present petition in 2012.  *Cf. Ramirez,***
13   ***supra*.  The Court takes judicial notice that Nevada state inmates at
     institutions with paging system law library access, including**
14   **Lovelock, have filed hundreds if not thousands of petitions,
     complaints, and other filings from 2006 continuously through to the**
15   **present day.**    Fourth, Judge Reed explicitly declined to make a
     constitutional holding in *Koerschner*, and his comments were directed
16   to circumstances weighing in favor of appointment of federal habeas
     counsel.  *See* 508 F.Supp.2d at 861.  Fifth, this Court further has rejected
17   the proposition that the mere fact that a prison uses a paging system for
     law library access in and of itself provides a basis for equitable tolling
18   of the federal limitation period.  *See, e.g., Felix v. McDaniel*, 2012 WL
     666742, No. 3:09-cv-00483-LRH-WGC, at *5-*9 (D. Nev., Feb. 29,
19   2012).  *A fortiori*, use of a paging system in and of itself does not
     constitute an unconstitutional impediment giving rise to a basis for
20   delayed accrual under § 2244(d)(1)(B).

21 #14, at 9-10 (bold emphasis added).

22    Petitioner cannot relitigate the dismissal of No. 2:01-cv-00268 by filing a new petition.

23    With regard to *this* action, the fact that a prison uses a paging system for law library access while

24 also not providing active legal assistance to inmates does not itself give rise to a basis for tolling.  *Felix,*

25 *supra*.  Petitioner's lay status and lack of legal sophistication – again – does not provide a basis for

26 tolling.  *E.g., Rasberry , supra*.  Regardless of when the paging system was implemented for the general

27 population at Lovelock, it does not provide a basis for tolling for this action under § 2244(d)(1)(B).  It

28 did not do so in 2006, and it did not do so in 2007, 2008, 2009, 2010, 2011 or 2012.  *Ramirez, supra*.

1    In the event that the Court has not made the point adequately previously, it states it again.

2 Petitioner cannot relitigate the dismissal of No. 2:01-cv-00268 by filing a new petition.

3    Petitioner's motion for reconsideration of the dismissal order therefore will be denied.

4    Petitioner's motion for reconsideration of the denial of a certificate of appealability (COA) also

5 will be denied.

6    Petitioner designates two claims as to which he seeks a COA.  See #17, at 3.  He seeks a COA

7 as to a claim of an alleged *Brady* violation and a claim of a denial of a right to testify.

8    The petition was denied as untimely, not on the merits.  As to claims rejected on procedural

9 grounds, the petitioner must show that: (1) jurists of reason would find it debatable whether the petition

10 stated a valid claim of a denial of a constitutional right; *and* (2)  jurists of reason would find it debatable

11 whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473,  484.

12 While both showings must be made to obtain a COA, "a court may find that it can dispose of the

13 application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more

14 apparent from the record and arguments."  529 U.S. at 485.  Where a plain procedural bar is properly

15 invoked, an appeal is not warranted.  529 U.S. at 484.

16    Jurists of reason would not find debatable whether the Court was correct in dismissing the

17 present petition, which was filed over a decade after the limitation period had expired, as untimely.  As

18 the Court observed previously in this regard:

19

20    . . . . Reasonable jurists would not find debatable or wrong the
district court's dismissal of the petition as untimely.  The federal
limitation period, absent tolling or other delayed accrual, expired on
21 October 30, 2001.  Petitioner in fact filed a federal petition within that
time period, but the prior action was dismissed in 2006 after petitioner
22 failed to file a written notice of his change of address.  The Court denied
post-judgment relief in that prior action in 2008, and petitioner did not
23 appeal.  He did not constructively file the present action until years later,
on or about April 9, 2012.   Petitioner's efforts to establish a basis for
24 delayed accrual under 28 U.S.C. § 2244(d)(1)(B) based upon a State-
created impediment to filing are fundamentally flawed.  On the one
25 hand, petitioner relies upon already-known alleged trial errors that
clearly did not constitute an impediment thereafter to the filing of even
26 the underlying claims, much less to the filing of a timely federal petition.
On the other hand, petitioner in essence seeks to relitigate the dismissal
27 of the prior federal action as an alleged "impediment" to filing under
§ 2244(d)(1)(B).  Even if a court were to indulge petitioner's tortured
28 logic in this regard, the circumstances surrounding the 2006 dismissal

1
2
3

clearly did not constitute an impediment continuously for several *years* thereafter, up to within one year of the April 9, 2012, constructive filing date of the present petition. Petitioner's arguments seeking to overcome the federal time bar have no conceivable merit as a basis for rendering the present petition timely.

4

#14, at 12.

5

Petitioner again urges that the withholding of favorable evidence in violation of *Brady*

6

constitutes an example of an unconstitutional impediment that provides a basis for statutory tolling

7

under § 2244(d)(1)(B).

8

Petitioner's argument again is fundamentally flawed:

9
10
11
12

*First*, petitioner contends that he was subjected to an unconstitutional State-created impediment when the prosecution allegedly failed to turn over favorable photographic forensic evidence prior to trial that was not revealed until the testimony of the sexual assault examination nurse at the April 1994 trial, allegedly in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

13
14
15
16
17
18
19
20
21
22
23

Petitioner has not presented a viable basis for delayed accrual under § 2244(d)(1)(B) on the basis of an alleged *Brady* violation premised upon the State not disclosing favorable evidence until the trial. § 2244(d)(1)(B) requires not merely a showing of a violation of the Constitution or laws of the United States in isolation. Rather, § 2244(d)(1)(B) instead requires a showing of such a violation that creates an "impediment *to the filing of an application*," *i.e.*, a federal habeas petition. Under established Ninth Circuit law, a petitioner seeking to demonstrate delayed accrual on this basis must demonstrate that the alleged impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1000–1001 (9th Cir.2009)(emphasis in original). Nothing in the occurrence of a *Brady* violation where disclosure allegedly was delayed until trial prevented Maki from presenting his claims in any form to any court. Indeed, Maki quite clearly filed both a state petition and a federal petition notwithstanding the alleged prior occurrence of the *Brady* violation. Indeed, petitioner presented the same underlying *Brady* claim itself in both the state and federal petitions.[FN9] The alleged occurrence of a *Brady* violation based upon a failure to disclose favorable evidence until the 1994 trial quite clearly did not prevent Maki from filing a federal habeas petition continuously for nearly two decades thereafter, either logically or in actual fact.

24
25
26

[FN9] Compare No. 2:01-cv-00268-RLH-PAL, #26, Ex. 10, at electronic docketing page 34 (state Ground 3 supporting facts), and, *id.*, #6, at 7 (federal Ground 3), with #11, at 3-7 (*Brady* allegations in show-cause response).

27

#14, at 7.

28

All requests for relief on the motion accordingly will be denied.

-7-

1       IT THEREFORE IS ORDERED that petitioner's motion (#17) to reconsider the order and

2  judgment of dismissal and motion (#18) to reconsider the denial of a certificate of appealability are

3  DENIED.

4       DATED this 31st day of March, 2014.

                                     _____
                                     LARRY R. HICKS
                                   UNITED STATES DISTRICT JUDGE